UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIGI ANTONIO LESMES GOMEZ,<br>Petitioner,<br>v.<br>FACILITY ADMINISTRATOR et al.[1],<br>Respondent. | CASE NO. 2:26-cv-04105-DGE<br><br>ORDER PROVISIONALLY BARRING REMOVAL TO MAINTAIN THE COURT'S JURISDICTION |

This matter comes before the Court on its own review of the record.

[1] Petitioner names the "Facility Administrator, Northwest ICE Processing Center" ("NWIPC") as a respondent in this matter and identifies that he is detained at the NWIPC. (Dkt. No. 1 at 1.) Petitioner further identifies the Facility Administrator at the NWIPC "has immediate physical custody" of him. (*Id*. at 2.) The proper respondent for § 2241 habeas petitions is "the person who has custody over [the petitioner]," not merely the agency employing that individual. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigrant detainee's direct custodian was not named as a respondent). Liberally construing the petition in Petitioner's favor, the Court finds Petitioner has adequately identified the person who has custody over Petitioner, in this case the Facility Administrator of the NWIPC who is otherwise known as Warden Bruce Scott. Accordingly, the Court substitutes Warden Bruce Scott as a Respondent in this matter.

Yesterday, October 26, 2026, the Court denied Petitioner's emergency motion for a temporary restraining order, finding there was insufficient evidence Petitioner's removal was imminent, and identifying that the Court's scheduling order required at least 7 days' notice before attempted removal or transfer. (Dkt. No. 6 at 2.) Today, the Court received notice the Government intends to remove Petitioner sometime in November of 2026. (Dkt. Nos. 7, 7-1.) Presumably, the Petitioner has yet to receive a copy of the Court's order denying his motion for temporary restraining order. Because Petitioner has not received the Court's order, Petitioner may be unaware he needs to take additional action in response to the Government's notice.

Accordingly, and because federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter" *see A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025), the Court sua sponte ORDERS that Respondents are PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—pending a decision from this Court on the Petitioner's underlying petition for writ of habeas corpus. (Dkt. No. 1.)

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of October, 2026.

David G. Estudillo
United States District Judge